Rady v. Southern Illinois Raceway, Inc. No. 517-0493. Counsel Rady, you may proceed. Good morning. May it please the Court. My name is Brittany Elliott and I represent the plaintiff appellant in this case, Ms. Amber Rady. This case comes before us today from the First Judicial Circuit in Williamson County, wherein my client filed a negligence complaint against the appellee in this matter, Southern Illinois Raceway. In that initial case, Southern Illinois Raceway filed a motion to dismiss Ms. Rady's complaint, alleging that the event, adult, release, and waiver of liability, which I will hereinafter refer to as simply the release, held them harmless from any and all injuries resulting from their event. The trial court agreed. Now, it is undisputed that my client did sign the release before she was allowed to participate in the appellee's racing event. The issue, however, is that the injuries sustained by my client were not the result of a foreseen danger. In fact, it was an unforeseen danger that does not usually encompass the sport of auto racing. She fell in a hole that was negligently concealed with water. Therefore, the injuries were outside the scope of the exculpatory provision provided by Southern Illinois Raceway. She was not allowed access to the pit area without signing that exculpatory clause, though, was she? Correct. Do you agree that the pit area is a more dangerous area in a racetrack? I would not agree with that just by the language of the release itself, because the definition of the pit area, it also encompasses any and all property, pit areas, or any other property at that point. So, if it was just a waiver of release in regards to the pit area, I would agree, but it encompasses everything. So, tell us why this threat against Gateway International Motorsports case does not apply. Because in that case, the danger, the injuries that were sustained by plaintiff in that case, it was from a foreseeable danger. In that case, the plaintiff was actually injured exiting the racetrack by a tow truck. A tow truck is a vehicle. You would anticipate a tow truck on a track, a vehicle, in an auto racing event. Therefore, I believe that our case is distinguishable from the Platt case because, like I said, the injuries are outside the scope. I would argue that our case is more in line with the Hawkins and Author case. Although those cases address workout facilities and not necessarily auto racing, it lays out how we are to interpret these exculpatory clauses. While parties certainly have the right to contract to avoid liability, the exculpatory clause must be clear and explicit and contain unquivocal language of the type of activity and the circumstance from which the defendant and the plaintiff agrees to relieve the defendant of the case. Was this a dirt track type thing? Dirt racetrack and dirt area and gravel in the pit area? Yes. So did tires make ruts and holes and stuff like that? My understanding of the pit area, though, was that it was held off to the public. She was a regular and, as Ali will argue, this was not her first rodeo. She did 10 racing events. Her husband is a race car driver, so this is something that she was used to doing. Well, this happened, though, in a fenced-off area, right, or in the back where the cars go after the race or during the race? This was where the spectators viewed the race. So it was in the front of the track? It's towards the track of circles, so it's side. It's where the wives would generally meet and wait for their husbands or family members or people of the drivers would wait. It is the fenced-off area or not in the fenced-off area? I am not aware if it's completely fenced off on the area that she was in. Okay. The part about the exculpatory provision, though, and if you look at the Hawkins case, the injury must fall within the scope, and although it does not have to be completely defined of what injury, yes, it has to be reasonably contemplated. If you will refer to the release, it specifically defines the events and refers to them as racing program. In the Hawkins case, a fitness club member injured by a falling mirror. The fitness club came and argued and sought summary judgment on the basis of the exculpatory provision that was signed by the membership in the membership agreement, had an exculpatory provision stating that any injuries on their property they were not held liable for. The first district, however, said that the injury was outside the scope of the clause. The first district said that because the exculpatory provisions are so strictly construed against the benefiting party, the clause must identify the range of dangers, the risk of being a suit. Although our case is distinguishable from Hawkins because ours is racing and that is in regards to a workout facility, it's essentially the same analysis. My client was injured by something that does not ordinarily accompany the sport of auto racing. When my client signed the release, she was releasing 7-gallon raceway from any and all liability resulting from, as it says in there, the event which is racing program. Like the Platt case, this is an auto racing event, however, in the Platt case, the plaintiff was injured by an actual vehicle, which was the result of something happening at the race. Similarly, there's the Offord case, which is another case that, yes, it does speak about health clubs. Again, the health club patron was injured on their premises when he slipped and fell in water that accumulated on the gym floor. Before he could become a member, he had to sign a membership agreement that contained very broad expulsory provision, releasing them from liability for injuries sustained on their premises. Again, it was upheld that that injury fell outside of the scope of the expulsory provision because that was not an injury that ordinarily accompanies somebody that you would be put on notice at a gym. More so in the Hawkins case, when the mirror fell on the patron, that was not something he could have reasonably contemplated when he was signing his release. Like in our case, my client did sign this release. She did sign a release in the event to be a participant in the racing program. Paragraph 6 of the release, it specifically says that this is intended to be as broad as law will permit. It is a very broad expulsory provision. Even outside the broadness of it, even if you could say that, well, it doesn't have to specify or precisely define the dangers, it has to be reasonably contemplated. It has to put the plaintiff on notice of what she is supposed to be looking out for in regards of dangers. My client was put on notice to be on the lookout for dangers ordinarily accompanying with auto racing. Which, like the Platt case, would be being struck by a vehicle or anything to do with automobiles. In this case, my client was put on notice of dangers that typically associate that. She was on high alert in regards to looking for vehicles, in regards to the safety of staying away from the track, and whether or not the race was in progress, and debris that could have been coming from the cars and debris that she might have been hit from resulting from the track. As a result of this, she was not on high alert. She was having to look at the ground and to also take into account, aside from this very dangerous auto racing sport, she now has to take into consideration the entire grounds of Southern Illinois Raceways property. But counsel, was she in the pit when she injured herself? She was in the pit area. It was the restricted area that she was in. Would it be foreseeable that if you're walking around in a pit, it's a dangerous place to walk around due to various debris and so forth? You mentioned debris, but what about that argument? You're walking around in a pit, it's dangerous to walk around. You've got to keep your senses about yourself everywhere you go. So the issue then becomes, is that reasonably contemplated? And certainly that, I would argue, that would come down to specific facts of the case. What was the layout of the pit area? But I would say in regards to that, if she is supposed to be on high alert, they put her on alert of the racing programs. This is not baseball. This is a dangerous sporting event. So my client has alleged that they have failed to maintain the grounds and that this hole is concealed by water. So they were negligent in that, yes, they put her on alert of everything she needed to be aware of regarding the racing event and the dangers associated with that. But she never waived any liability or assumed the risk that they would negligently fail to maintain the grounds in which they claim is restricted and set off and that they maintain. She was on alert of what she was customarily accustomed to. She was ordinarily accustomed to attending these events. And that is our position that while there was an expulsory provision, and she did release liability in this case, it doesn't completely bar her claim for liability. That does not release them from any and all injuries on their premises. The motion to dismiss was granted on the grounds that her claim was completely barred by the expulsory provision. And we disagree. And pursuant to the Hawkins decision and our distinguishable from the Platt case, it's our position that my client's injuries were outside of this expulsory provision. Whether or not this should have been reasonably contemplated, whether or not this was an issue of whether it was gravel or concrete and their maintenance of such, that can all be taken up on a factual basis. But to grant a motion to dismiss on the terms that the expulsory provision bars any and all claims, I believe is contrary to what the Hawkins court says. That although you can avoid and you can contract to avoid liability, the scope of the expulsory provision is defined by the foreseeability of the specific danger. And this was not something foreseeable in the racing industry. The title of the release is Event, Adult Release and Waiver of Liability. And it goes on to define what that is. And it talks about the auto racing industry and all the injuries and hazards that are associated with that. So while I agree that Platt is factually comparable to our case, the analysis is completely different because the injuries sustained in that case was something that was contemplated and reasonably contemplated by a participant in the racing industry. My client was not put on notice of any negligent grounds keeping. My client was put on notice that she needed to be on high alert regarding the dangers associated with this event. Therefore, because the danger from which my client sustained injuries was not included in the expulsory provision, it's outside the scope of the expulsory provision, it does not completely bar any and all liability. I believe that that is a very broad ruling. And therefore, we would argue that because of that, it needs to be determined on the basis of whether or not this is something that was reasonably contemplated. However, I believe the Hawkins Court makes clear that that is not the only question we have to ask. You have to ask whether or not this was a danger that was ordinarily accompanied by that activity. That is precisely what Hawkins Court says, and this danger was not ordinarily accompanied with the auto racing event. Thank you. Good morning. My name is Jessica Barazil. I'm from Napaleon Green on behalf of the Appellee. My name is Jessica Barazil. I'm from Napaleon Green here on behalf of the Appellee. May it please the Court. I wanted to start off by commenting on one of the recent statements made by opposing counsel. Opposing counsel stated that she admits that her client was on high alert by signing this agreement in order to access the pit area. This is not, when I first got this case, this is not the Daytona 500. This is a dirt track, a gravel, it's something that you would see at a county fair. The plaintiff admits that she, in order to access the pit area, to observe her husband racing his car, she had to sign and did sign this event adult release and waiver of liability. This is certainly an area that is traveled highly by vehicles, by other individuals that were observing from the pit area, and certainly it's our position that her injuries were foreseeable and the event release does bar her claims, which the circuit court agreed and granted our motion to dismiss. There's no dispute that she signed the release. She was only permitted to access this area after signing the release. Every individual that wants access to the pit area has to sign the release. It's not a requirement. They don't have to go to the pit area. If they choose to observe the race from the general admitted area, they could do that. But in order to gain access to the pit area, it's a requirement. They are put on notice and the release clearly states in consideration of signing this, what they are releasing as far as the liability or potential liability for the owners or any of the workers there in order to gain access to this restricted area. Does it all come down to foreseeability? I would agree that the case law indicates that the precise injury does not need to be foreseeable. However, it's more of a general understanding of the types of foreseeable injuries that could occur. It's my position that the plaintiff, as counsel indicated, this was not a first rodeo. She knew that in order to access this pit area, she had to sign this waiver which then barred any potential claims against the owner of the raceway. Is it foreseeable for someone to sign this release and go to the pit area and you are expecting to watch out for vehicles and debris? We are talking about here a hole with water covering it. Is that foreseeable and unique to a pit area? I do believe that it is foreseeable, Your Honor, because she knew that these pit areas are highly traveled by the vehicles. So she needed to be aware of not only debris, but just the natural surroundings in that area. The gravel in the pit area is certainly different than sitting in the bleachers. That's why it was a requirement for those individuals that wanted to enter the pit area to sign this agreement because there are certain dangers associated with being in that area. It is our position that this alleged hole was one of those foreseeable conditions that she was put on notice of. So the release that we cited to you, which is part of the record states clearly in paragraph 2 that by citing this release that she was agreeing not to sue and she was releasing and discharging any potential liability for any damages sustained or any claims resulting from or being in the restricted area. There is no dispute that the injury occurred in the restricted area. I believe that the waiver clearly indicates that any injuries that resulted from being in the restricted area do release the owner of the raceway. Now we discussed in our brief that the Illinois law provides that an exculpatory agreement constitutes an express assumption of risk where one party consents to relieve another party of an obligation. These exculpatory agreements are enforceable unless it would be against public policy or there is something in the social relationship of the parties. And here neither of these exceptions apply. I believe that the Platt case is directly on point and should be followed by this court. Where in Platt the case contained nearly identical language of the exculpatory agreement and this court affirmed summary judgment. I think it's worth noting that in Platt the plaintiff was exiting an infield which was also a restricted area and in Platt the plaintiff argued that the agreement failed to bar his action because the race was not in progress at the time and his injury resulted from an occurrence unrelated to the event. It's the same type of argument being made here. However, this court disagreed finding that the agreement was clear and barred the plaintiff's negligence claim. And that's obviously what we're asking this court to do is to affirm the circuit court's dismissal of the plaintiff's case because her claim is barred by this exculpatory agreement which is valid. Now the plaintiff relies on the two exercise cases Offord and Hawkins but it's our position that her reliance on those two cases is simply misplaced. Those cases do not involve a situation where the plaintiff was gained or permitted access to a restricted area. So I do not believe that those cases are persuasive. Here in our situation the plaintiff was injured while walking in the restricted pit area which she only had access to because she signed the waiver. This is a dirt track with a pit area that is dirt and gravel and the possibility of encountering a hole while in the restricted pit area of the dirt raceway was certainly foreseeable. As in Platt, this court should affirm the circuit court's order of dismissal because the exculpatory agreement is enforceable and neither exception applies. The agreement clearly references access to restricted areas including the pit area where plaintiff claims to have fallen. The language of the waiver that put plaintiff on notice of the range of dangers for which she assumed the risk of injury and enabled her to minimize that risk of injury by exercising a greater degree of caution. Now plaintiff also argues in her brief that she was forced to sign this release. However, she was under no obligation to enter the restricted area. She could have opted not to enter the restricted area to watch her husband drive. We also pointed out in our brief that the appeal should be dismissed because the appellant did not comply with Supreme Court Rules 341 and 342. In our brief we make note of that the plaintiff failed to cite to the record on appeal, the statement of facts did not include page references to the record, and plaintiff's appendix failed to include the judgment appealed from. For the two reasons, one based on the merits and two procedurally, we request that this court affirm the circuit court's order dismissing the plaintiff's case. Thank you. Very briefly, to address procedurally the errors in my brief, I do apologize. I did seek leave to amend the brief. It was not that I didn't cite to any authority, I just, I believe I cited to my index instead of the actual record. So I did go back and change that and that has been filed with the courts. In regards to the merits of this case, did my client sign an exculpatory clause? Did my client sign a release? Yes, there is no question. Was this a valid enforceable release? Possibly, yes, but the question in the inquiry does not stop there. It goes on to state whether or not my client's injuries are actually encompassed in what she signed. I would draw your attention to the event adult release and waiver of liability. The very first paragraph, we've gone and talked about the restricted areas and what that encompasses. I believe that the appellee has pointed out that this was a dirt gravel track, not Daytona. Well, that just shows the factual determination, the factual distinctions in different racing tracks. This wasn't her first rodeo, but was this her first time at this track? Are all tracks, you know, dirt, gravel? Some of them are not. Restricted areas is clear and defined, including but not limited to the racing surface pit areas, infield, burnout area, approach area, shutdown area, any area where there are tow vehicles or race vehicles running or not running, any related to the event, where anything related to the event shall take place. Based on that definition alone, I believe that it is directly drawing your attention to the point that I'm trying to make. She was on alert of specific dangers associated with this race and anything that happened in these restricted areas. The question of whether or not this is foreseeable, I think needs to be taken up in the trial court. It's a factual basis. Maybe she did see that this was foreseeable. Maybe this was her fifth time at this specific track. But to say that she simply signed an event, released in liability, and therefore appellee is under no liability whatsoever for anything that happens on their premises, I believe this is against public policy. And I believe that's why the Hawkins court distinguished why we have to get into these expulsory provisions and how we have to define the scope as such. Thank you. Thank you, counsel. We appreciate your arguments. We'll take this matter under advisement and render a decision.